IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STEVE L. WRIGHT | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil No. 13-00628-CV-W-HFS |
| v. | ) | Crim. No. 02-00116-CR-W-HFS |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Procedurally this dual litigation seeking habeas relief (civil then criminal and now civil again) is being handled in a manner that may be confusing, but deserves candid description, particularly since an interlocutory appeal is being sought from the Court of Appeals.

Petitioner was charged and convicted in a criminal case with one count of conspiracy to distribute drugs (Count 1) for which he received a life sentence. Petitioner was under 18 years of age when the charged conspiracy commenced, yet petitioner continued to participate in the conspiracy after he attained 18 years of age. Petitoner was also convicted of additional counts, including a second life sentence for tampering with a witness resulting in death (Count 7) and five counts under 18 U.S.C. Section 924(c) for which he received a statutory consecutive sentence of 110 years.

Petitioner was under the age of 18 when the act giving rise to Count 7 occurred. Petitioner was under the age of 18 when he committed three of the five counts filed pursuant to 18 U.S.C. Section 924(c).

Petitioner filed a civil action pursuant to 28 U.S.C. Section 2255 seeking re-sentencing based upon the rulings set forth in *Graham v. Florida*, 560 U.S. 48, 68 (2010), *Miller v.*

*Alabama*, 132 S.Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). Petitioner advocated for re-sentencing on all of the counts referenced above.

As counsel for the Government agreed that petitioner is entitled to a re-sentencing on Count 7, I have vacated the life sentence on Count 7 by agreement of the parties in this civil case, but have not resentenced petitioner on said count. I have denied relief on Count 1, the conspiracy count which also imposed a life sentence, and on the five 18 U.S.C. Section 924(c) counts where statutory term of years sentencing has resulted in a sentence much longer than petitioner's life expectancy (a total of 110 years to be served consecutive to other sentences, including the remaining life sentence in Count 1).

The ruling on the term of years sentences is strongly debatable. Perhaps a majority of other courts have granted relief in a question not yet decided by the Supreme Court.

An interlocutory appeal was suggested by me to avoid a possibility that two resentencing hearings might otherwise be required. Two hearings would be expensive and each might be difficult for family members of victims and petitioner.

Initially, based upon the aforementioned agreement of the parties, I entered an order in the civil case filed pursuant to 28 U.S.C. Section 2255 vacating the sentence on Count 7 and indicating that a re-sentencing hearing would be held with the scope of re-sentencing to be determined at the hearing. At the request of the parties, briefing then occurred in the criminal case as to whether petitioner was entitled to a re-sentencing on any of the other counts. At the conclusion of said briefing, I denied additional relief, indicating that petitioner was only entitled to a re-sentencing on Count 7 which has been vacated.

As discussed above, I am of the opinion that my Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate

interlocutory appeal from my Order may materially advance the ultimate termination of the hearing. An interlocutory appeal is authorized only in civil cases. Therefore, since the civil case remains open, I am now denying relief sought in (Doc. 6) on the two open issues in this case as I did in the criminal case. Government counsel and I join petitioner's counsel in seeking this appellate review.

    I recognize that a second appeal may occur after resentencing. But such appeals regarding the sentence are generally very simply handled.

/s/ Howard F. Sachs
**HOWARD F. SACHS**
UNITED STATES DISTRICT JUDGE

April 14, 2017

Kansas City, Missouri